UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KENNETH B. WEDGE

3700 NORTH CAPITOL STREET N.W.

WASHINGTON, D.C. 20011

202549-8782

V

JOHN E. POTTER

POSTMASTER GENERAL

475 LE'FONT PLAZA S.W.

WASHINGTON D.C. 20303

CASE NUMBER   1:06CV00422

JUDGE: Emmet G. Sullivan

DECK TYPE: Employment Discrimination

DATE STAMP: 03/08/2006

*JURY ACTION*

**RECEIVED**

FEB 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## COMPLAINT

THAT I, KENNETH B. WEDGE WAS DISCRIMINATED AGAINST BASED ON DISABILITY (SLEEP APNEA) STARTING ON FEBUARY 18, 2005, AND CONTINUING UNTIL MAY 14, 2005. I WAS NOT ALLOWED TO USE MY BREATHING MACHINE TO ACCOMMODATE MY DISABILITITY.

MY NAME IS KENNETH B. WEDGE; I HAVE WORKED FOR THE U.S.P.S FOR TWENTY-SEVEN YEARS. MY RECENT JOB TITLE WAS, MAIL PROCESSING EQUIPMENT MECHANIC GRADE -8.

I HAVE THE DISABILITIES OF, SLEEP APNEA AND HEPATITIS C. I HAVE HAD THESE CONDITIONS SINCE 1998. MY SUPERVISORS DURING THAT TIME AND WERE DERRICK COLEMAN, CHRIS DAVIS AND STACEY MIDDLETON.

I REQUESTED AN ACCOMMMODATION BECAUSE IN MAY OF 2002 MY SLEEP APNEA WAS CONFIRMED BY A SLEEP STUDY EXAM GIVEN AT THE WASHINGTON D.C. VETERAN MEDICAL CENTER. I CAN STIL PREFORM MY JOB BUT WILL HAVE CHRONIC FATIGUE AT TIMES. I HAVE HAD THIS PROBLEM SINCE 1998 BUT THE AGENCY DID NOTHING TO ACKNOWLEDGE MY CONDITION. IN 2001 I WAS GIVEN DISCIPLINARY ACTION FOR SLEEPING ON MY ASSIGNMENT.

IN AN EEO MEDIATED SETTLEMENT FOR THAT ACTION. IT WAS STATED THAT WHILE I COULD NOT SLEEP ON THE WORKROOM FLOOR I COULD LEAVE THE FLOOR WHEN I FELT FATIGUED. AT THIS TIME MANAGEMENT BARRED ALL TOUR 1 PERSONEL FROM USING THE MAINTANCE SHOP FOR BREAKS AND LUNCH PERIODS.

I SUBMITTED FMLA FORM TO THE MEDICAL UNIT THAT STATED MY CONDITION IN 2001,2002,2003,2004,2005.

IN MAY OF 2004 I REQUESTED A LETTER FROM MY DOCTOR TO ADVISE MANAGEMENT OF MY CONDITION AND TO ASK FOR CERTAIN ACCOMMADATIONS FOR RELIEF OF MY SYMTOMS. THIS LETTER WAS SUBMITTED ON MAY 4, 2004. THE AGENCY DID NOTHING TO ACKNOWLEDGE MY CONDITIONS OR MY DOCTOR'S REQUESTS.

IN JANUARY OF 2005 I FILED AN FMLA FORM WITH MY AGENCY STATING THE CONDITION THAT I HAD AND ASKING FOR CERTAIN ACCOMMADATIONS FOR MY DISABILITY. THE AGENCY IGNORED THE REQUEST OF MY DOCTOR.

IN FEBUARY OF 2005 I BROUGHT MY CPAC MACHINE INTO THE BUILDING. I WAS TOLD THAT I NEEDED MEDICAL CLEARENCE AND I COULDNOT USE IT. I GAVE A HANDWRITTEN STATEMENT ALLOWING MANAGEMENT TO CONTACT MY DOCTORS (DRS. MARSHALL BALISH AND AUBREY NAGY) AT THAT TIME FOR ANY INFORMATION THAT THEY NEEDED REGARDING MY USE OF THE MACHINE MANAGEMENT NEVER MADE ANY ATTEMPT TO CONTACT MY DOCTORS NOR DID ANYONE IN THE MEDICAL UNIT.

AT THAT TIME I FILED AN EEO COMPLAINT AGAINST THE AGENCY. MY MEDIAITION HEARING WAS ON 13 MAY 2005 AT 1.30 AM. WHEN THE MEDIATION WAS DONE AND SIGNED BY BOTH PARTIES. IT STATED THAT MR. MIDDLETON WOULD CONTACT THE MEDICAL UNIT IN REGARDS TO MY USE OF THE CPAC MACHINE. IN ACCORDANCE WITH MY DOCTOR'S INSTRUCTTION AND THAT I BE ALLOWED TO WORK UNTIL THAT WAS DETERMINED.

AT SEVEN A.M. THAT MORNING I WAS GIVEN A STATEMENT FROM MR MIDDLETON THAT SAID I WOULD NOT BE ALLOWED TO RETURN TO THE BUILDING OR WORKROOM FLOOR BECAUSE I WAS A SAFETY HAZARD. THIS WAS DONE WITH MALICE AND FORETHOUGHT IN A RETALAITORY EFFORT AGAINST ME.RENEGING ON THE EARLIER SIGNED AGGREEMENT.

THE ABOVE ACTIONS DISCRIMIANTED AGAISNT ME AND DENIED ME A REASONABLE ACCOMMADATION BECAUSE OF MY DISABILITIES IN VIOLATION OF SECTION 501 OF THE REHABILITATION ACT, 29 USC 791.

THE ACTIONS ALSO RETALIATED AGAINST ME IN VIOLATION OF THE REHABILITATION ACTS BECAUSE I OPPOSED THE DEFENDANTS DISCRIMINATION.

THE ACTIONS ALSO RETALIATED AGAINST ME BECAUSE I EXERCISED MY RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT.

FINALLY, THE DEFENDANT'S VIOLATED THE SETLEMENT THAT BOTH PARTIES EXECUTED DURING THE MEDIATION OF MY EEO AGREEMENT.

RELIEF

I request relief from the court by being able to return to my former position and to be made whole for

all wages, overtime and holiday with no loss of seniority and any bid position that may have been

available to me during my absence.

I request that the agency pay for all penalties incurred the IRS in regards to an agreement I forced to

reneged on for repayment of back taxes.

I request that the agency pay for and remove a judgment from my credit record by the State of

Maryland for a tax agreement that I was forced to renege on

I request that the agency repay to the Thrift Savings Plan (20,000.00) twenty thousand dollars that was

withdrawn early to provide living expenses during my absence.

The agency should pay all court costs and attorney's fees and liquidated damages the FMLA

I request that the agency repay any fund due to the Maryland Dept. of Unemployment for

unemployment benefits I have received.

I request that the agency repay all expenses in regard to any and all medical benefit and medical health

plan coverage that was not paid by my loss of wages.

I request that the agency pay the maximum allowed by law for punitive and compensatory damages.

Last, I request a trial by jury.


*[signature]*

Kenneth B. Wedge
3700 North Capitol Street N.W.
Bldg. 65 Room G-4
Washington, D.C. 20011