

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Kenneth D. Wedge,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A55328

Agency No. 1K-206-0027-05

DECISION

Complainant filed a timely appeal with this Commission from a final decision by the agency dated July 11, 2005, regarding a May 13, 2005 settlement agreement. *See* 29 C.F.R. § 1614.402; 29 C.F.R. § 1614.504(b); and 29 C.F.R. § 1614.405.

The May 13, 2005 settlement agreement provided, in pertinent part, that:

(1) [A named management official, A1] shall contact the Nurse in the Medical Unit regarding the use of the CPAP machine and [complainant's] FMLA. [Complainant] shall then be allowed to use the CPAP machine in accordance with the doctor's instructions and to the extent that the operation is able to support its use. In the event that [complainant] needs to supply information, that is more specific, management shall notify [complainant] or contact his doctor through the previous authorization provided by [complainant].

(2) [A named management official, A2] shall follow up with safety to determine whether [complainant] can continue working while he awaits a determination of his disability retirement.

(3) The parties agree to communicate regarding [complainant's] disability.

06 0422

**FILED**

MAR − 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

By letter to the agency dated June 6, 2005, complainant claimed breach. Specifically, complainant asserted that "[t]he settlement stated that they would try to accommodate my illness…and the need to use my breathing machine…while on the job…they stated I was unsafe and would no longer be allowed on the workroom floor."

In its July 11, 2005 FAD, the agency concluded that is was not able to meet the provisions set forth in the settlement agreement. Specifically, the agency stated that a named agency manager stated "[complainant] cannot utilize [his] CPAP machine on the job because [complainant's] physician has stated that the use of the machine could cause injury to [complainant] and others and would be considered a safety hazard."

On appeal, complainant requests that his underlying complaint be reinstated.

In response, the agency states that it has reinstated complainant's complaint. Specifically, the agency stated "[b]y letter dated August 24, 2005, [complainant] was mailed his notice of right to file as well as PS Form 2565…"

EEOC Regulation 29 C.F.R. § 1614.504(a) provides that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a settlement agreement constitutes a contract between the employee and the agency, to which ordinary rules of contract construction apply. *See Herrington v. Department of Defense*, EEOC Request No. 05960032 (December 9, 1996). The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. *Eggleston v. Department of Veterans Affairs*, EEOC Request No. 05900795 (August 23, 1990). In ascertaining the intent of the parties with regard to the terms of a settlement agreement, the Commission has generally relied on the plain meaning rule. *See Hyon O v. United States Postal Service*, EEOC Request No. 05910787 (December 2, 1991). This rule states that if the writing appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature. *See Montgomery Elevator Co. v. Building Eng'g Servs. Co.*, 730 F.2d 377 (5th Cir. 1984).

The record reflects that the agency has reinstated complainant's complaint from the point processing ceased. The record contains a copy of a Notice of Right to File a Formal Complaint for complainant's underlying complaint dated August 24, 2005, subsequent to the date of the agency's FAD.

Based on the agency's action to continue processing complainant's complaint from the point processing ceased, we affirm its final decision.

3                                                                                01A55328

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

4                                                                01A55328

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*
_____
Carlton M. Hadden, Director
Office of Federal Operations

JAN 1 0 2006
_____
Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

JAN 1 0 2006
_____
Date

*[signature]*
_____
Equal Opportunity Assistant