THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH B. WEDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No.: 06-0422 (EGS) |
| | ) (ECF) |
| JOHN E. POTTER, Postmaster General | ) |
| U.S. Postal Service, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER

Pursuant to Fed. R. Civ. P. 12(b)(3), Defendant John E. Potter, Postmaster General, in his official capacity, hereby moves this Court for an order dismissing this case for improper venue, or, alternatively, for an order transferring this case to the District of Maryland. In support of this Motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities. A proposed order consistent with this motion is attached.

Respectfully Submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
KATHLEEN KONOPKA, D.C. BAR #495257
Assistant United States Attorney
(202) 616-5309

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENNETH B. WEDGE,**             ) | |
|                                                              ) | |
|       **Plaintiff,**                              ) | |
|                                                              ) | |
| v.                                                       )  | Civ. Action No.:  06-0422 (EGS) |
|                                                              ) | (ECF) |
| **JOHN E. POTTER,** Postmaster General  ) | |
| **U.S. Postal Service,**                 ) | |
|                                                              ) | |
|       **Defendant.**                          ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR TO TRANSFER**

Plaintiff initiated this action on March 8, 2006, alleging that his former employer, the U.S. Postal Service ("USPS"), discriminated against him on the basis of disability, failed to reasonably accommodate his disability, and retaliated against Plaintiff in violation of the Rehabilitation Act . (Complaint "Compl." at 4).[1] Plaintiff, however, fails to allege facts which establish that the District of Columbia is the appropriate venue for his suit.

Employment discrimination cases such as Plaintiff's are governed by special venue provisions set forth in 42 U.S.C. § 2000e-5(f)(3).  See In re: Horseshoe Entertainment, 337 F.3d 429, 432-433 (5th Cir. 2003) (litigation alleging disability discrimination subject to 42 U.S.C. § 2000e-5(f)(3)).  This statute provides that claims may be brought: (1) where the

---

[1] Plaintiff's Complaint consists of a continuous narrative without paragraph or page numbers.  For ease of reference, Defendant has numbered the pages 1-6 beginning with the caption page and ending with the signature page.

1

unlawful acts are alleged to have been committed; (2) where the plaintiff would have worked but for the unlawful act; or (3) where employment records related to the proscribed conduct are maintained. 42 U.S.C. § 2000e-5(f)(3). Only if the defendant is not subject to suit in a district satisfying one of these three criteria may the action be brought in the judicial district in which the defendant has its principal office. Id.

Plaintiff admits that at all times relevant to the Complaint, he was employed by USPS as a "mail processing equipment mechanic." (Compl. at 2). While Plaintiff's Complaint fails to articulate the location of Plaintiff's workstation, Plaintiff was employed at the Southern Maryland Processing and Distribution Center located at 9201 Edgeworth Drive, Capitol Heights, Maryland. (Declaration of Larry J. Chaney "Chaney Decl." at ¶ 3). Thus, all alleged discriminatory acts taken against the Plaintiff were perpetrated within the District of Maryland. See Robinson v. Potter, 2005 WL 1151429 at *3 (D.D.C. May 16, 2005) ("venue cannot lie in the District of Columbia when a substantial part, if not all, of the employment practices challenged in this action took place outside the District even when actions taken in the District may have had an impact on the plaintiff's situation."). Moreover, all files essential to the prosecution and defense of this litigation are maintained in Maryland. (Chaney Decl. at ¶ 4-5).

Plaintiff does not allege that, at any time relevant to the Complaint, he worked, would have worked, or was discriminated against by Defendant in the District of Columbia, or that his employment records are located here. Thus, the only judicial district that satisfies the special venue provisions applicable to the instant case is the District of Maryland. The District of Maryland is able to exert jurisdiction over Defendant, and Defendant is amenable to suit there.

Therefore, Plaintiff cannot avail himself of the "principal office" provision of 42 U.S.C. § 2000e-5(f)(3).

Accordingly, the Court should dismiss this case for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). Alternatively, in the interest of justice, the Court may transfer it to the District of Maryland. 28 U.S.C. § 1406(a). See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (the decision whether to transfer or dismiss is entrusted to Court's discretion).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint in this case for improper venue. Alternatively, to serve the ends of justice, the Court may transfer this matter to the United States District Court for the District of Maryland.

Respectfully Submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
KATHLEEN KONOPKA, D.C. BAR #495257
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-5309

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion To Dismiss or to Transfer, Declaration of Larry Cheney and attached Proposed Order has been made by mailing copies thereof to:

KENNETH B. WEDGE
3700 North Capitol Street, NW
Bldg. 65, Room G-4
Washington, DC 20011

on this ____ day of May, 2006.

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20001
(202) 616-5309

Case 1:06-cv-00422-EGS    Document 7    Filed 05/05/2006    Page 6 of 6