UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH B. WEDGE,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>　　　Defendant. | Civil Action No.  06-0422 (EGS) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, alleges that his former employer, the United States Postal Service ("USPS"), discriminated against him based on his disability, in violation of the Rehabilitation Act,  29 U.S.C.§ 791, *et seq.,* and in retaliation for his prior equal employment opportunity activity.   Defendant has moved to dismiss or, in the alternative, to transfer the case for lack of venue.

*Background*

Mr. Wedge, a resident of the District of Columbia, was employed by the USPS from March 11, 1978 to September 30, 2005.  Compl. at 1; Decl. of Larry J. Chaney ¶ 2.[1]  He alleges that he suffers from sleep apnea and hepatitis C, and is required to use a breathing machine when he becomes fatigued.  Compl. at 2.  From February 18, 2005 to May 14, 2005, plaintiff alleges that the USPS did not accommodate his disability or allow him to use the breathing machine.  *Id.*

---

[1] Because defendant has moved to dismiss for lack of venue, the Court may consider matters outside the pleadings.  *See Gianelli v. Chirkes*, 377 F. Supp. 2d 49, 51 (D.D.C. 2005).

During that time period, plaintiff was employed as a Maintenance Mechanic MPE at the Southern Maryland Processing and Distribution Center located in Capitol Heights, Maryland. Decl. of Larry J. Chaney ¶ 3.

In 2001, the USPS issue a disciplinary action against the plaintiff because he had fallen asleep during a job assignment. Compl. at 2. As a result of this incident, the Equal Employment Opportunity Commission ("EEOC") mediated a settlement between plaintiff and the USPS. *Id.* The agreement permitted plaintiff to leave the workroom floor when he became fatigued. *Id.*

Plaintiff alleges that in January, 2005, he submitted forms to the agency under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, requesting accommodation for his disability. Compl. at 3. Plaintiff also provided a statement from his medical doctor regarding his sleep apnea and the necessary restrictions on his work duties. *Id.*

In February, 2005, plaintiff arrived at the postal facility with his breathing machine. *Id.* Stacey Middleton, plaintiff's supervisor, informed him that he could not use the machine without a medical clearance. *Id.* at 2, 3. Subsequently, plaintiff filed a complaint with the EEOC. *Id.* at 3. On May 13, 2005, the parties reached an agreement which provided that Mr. Middleton would contact plaintiff's doctor about the use of the breathing machine and, in the interim, that plaintiff be allowed to work. *Id.* That same day, in violation of the agreement, Mr. Middleton told plaintiff that he was a safety hazard and refused to allow him to enter the postal facility. *Id.*

### *Standard of Review*

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, defendant moves to dismiss the complaint based on improper venue. Alternatively, defendant requests that the case be transferred to the District of Maryland. In ruling on such a motion, the Court must accept all

well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002); *2215 Fifth St. Assocs. v. U Haul Int' l, Inc.*, 148 F.Supp. 2d 50, 54 (D.D.C. 2001). The Court, however, need not accept the plaintiff's legal conclusions as true. *Id.* To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Id.*

### *Analysis*

The remedial and procedural provisions of Title VII are incorporated in the Rehabilitation Act. *See* 29 U.S.C. §794(a). Venue for claims under the Rehabilitation Act is therefore governed by 42 U.S.C. 2000e-5 (f)(3). *Archuleta v. Sullivan*, 725 F. Supp. 602, 603-04 (D.D.C. 1989); *Sconion v. Thomas*, 603 F. Supp. 66, 67 (D.D.C. 1984). Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring an employment discrimination claim, in (1) any judicial district in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice; or (4) if the employer is not found within any such district, such an action may be brought within the judicial district in which the employer has his principal office. This statutory scheme indicates that Congress intended to limit venue to those jurisdictions concerned with the alleged discrimination. *Darby*, 231 F. Supp. 2d at 277.

Venue cannot lie in the District of Columbia when "a substantial part, if not all, of the employment practices challenged in this action" took place outside the District even when actions taken in the District "may have had an impact on the plaintiff's situation." *Donnell v. Nat'l Guard*

*Bureau,* 568 F.Supp. 93, 94 (D.D.C. 1983).  None of the decisions alleged in the complaint were made or implemented in the District of Columbia.  In addition, at all times relevant to plaintiff's claim, he was assigned to a postal facility in Capitol Heights, Maryland.  Decl. of Larry J. Chaney ¶ 3.  The files relevant to plaintiff's claim are located at that facility.  *Id.* at ¶¶ 4, 5.  Plaintiff has not challenged these facts and does not object to a change of venue.  For these reasons, the Court agrees with defendant that venue is improper in this district.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F.Supp. 2d 47, 59 (D.D.C. 2003).  As a general matter, a transfer of the case is favored over a dismissal.  *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004).  In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

As noted above, all the events described in the complaint occurred in the District of Maryland. The cause of action arose in that jurisdiction. The relevant witnesses and documents are located there. Therefore, in the interests of justice, the case should be transferred to Maryland.

*Conclusion*

Having found that venue is improper in this jurisdiction, the Court will grant defendant's motion and transfer the case. A separate order accompanies this Memorandum Opinion.

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE: 11-1-06